**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25439-CIV-ALTONAGA/Reid**

**ANTHONY SANTOS**, *et al.*,

Plaintiffs,

v.

**BDO USA, P.C.**,

Defendant.
_______________________________/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, BDO USA, P.C.'s Motion to Compel Arbitration . . . [ECF No. 7], filed on September 8, 2026. Defendant asks the Court to compel arbitration and stay the action because the parties entered arbitration agreements, or to dismiss the Complaint [ECF No. 1] under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot. to Compel). In their Response [ECF No. 16], Plaintiffs argue the Court should not compel arbitration because Defendant has failed to properly authenticate the purported arbitration agreements and Plaintiff, Anthony Santos, never signed or entered into the agreements at issue. (*See* Resp. 9–12).[1] In its Reply [ECF No. 23], Defendant insists the arbitration agreements are valid; Santos did enter the agreements; and any threshold questions of arbitrability are for an arbitration panel and not the Court to decide. (*See generally* Reply). On October 16, 2026, Plaintiffs filed a Motion to Strike New Evidence in Defendant's Reply . . . [ECF No. 24].

"The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016)

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

(quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "Absent such an agreement, 'a court cannot compel the parties to settle their dispute in an arbitral forum.'" *Id.* (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004)). "[S]tate law governs the issue of the existence of an agreement to arbitrate under the FAA . . . ." *Id.* at 1330 (alterations added); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("[I]n determining whether a binding arbitration agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." (alteration added)).

"[A] summary judgment-like standard is appropriate and . . . district court[s] may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Bazemore*, 827 F.3d at 1333 (alterations added) (quoting Fed. R. Civ. P. 56(a)). "[E]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id.* at 1334 (alteration added) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "If the Court finds there is an issue of disputed material fact as to whether the parties entered the agreement, the Court shall proceed to trial on the issue." *Valencia v. 1300 Ocean Drive, LLC*, No. 17-20669-Civ, 2017 WL 7733158, at *2 (S.D. Fla. Dec. 4, 2017) (citations omitted)).

"A meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract." *De Beers Centenary AG v. Hasson*, 751 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010) (quoting *Bus. Specialists, Inc. v. Land & Sea Petrol., Inc.*, 25 So. 3d 693, 695 (Fla. 4th DCA 2010)). A valid contract requires "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla.

2004) (citation omitted). "The party asserting a contract must prove its existence by a preponderance of the evidence." *McDougal v. Comcast Corp.*, No. 16-81906-Civ, 2017 WL 3726040, at *3 (S.D. Fla. Feb. 24, 2017) (quoting *St. Joe Corp.*, 875 So. 2d at 381)).

Plaintiffs have presented competent evidence, including through sworn statements, that establishes a genuine issue of material fact as to whether the parties entered arbitration agreements. (*See generally* Decl. of E'lyn Bryan [ECF No. 18]; Decl. of Anthony Santos [ECF No. 19]); *see also*, *e.g.*, *Bazemore*, 827 F.3d at 1334 (denying defendant's motion to compel arbitration even where plaintiff "provided almost no evidentiary support for her contention that she never entered into an arbitration agreement with [defendant] . . . . [by], for example, *submit*[*ing*] *an affidavit swearing under oath* . . . ." (alterations added; emphasis added)); *see also Mitchell v. Precision Motor Cars Inc.*, No. 17-cv-376, 2017 WL 1361528, at *3 (M.D. Fla. Apr. 14, 2017) (finding a genuine issue of material fact existed as to whether the parties entered into a valid arbitration agreement where plaintiff's "affidavit testimony provide[d] more than conclusory allegations to support her position that the parties never agreed to arbitrate" and plaintiff "unequivocally denie[d]" signing the arbitration agreement) (alterations added)).

When an agreement to arbitrate is put "in issue," the Federal Arbitration Act requires the court to "proceed summarily to the trial thereof." 9 U.S.C. § 4.[2] If no jury trial has been demanded, then the court hears and determines the issue. *See id.*

[2] Defendant argues that an arbitration panel, and not the Court, should determine whether the parties entered into arbitration agreements. (*See* Reply 4). Not so. True, at least one of the relevant arbitration provisions delegates certain threshold arbitrability questions. (*See* Mot. 8–9; Resp. 13). But Plaintiffs dispute ever entering into the agreement containing the provision — thus calling the delegation provision into question. (*See* Resp. 13–14). "[W]here the parties dispute whether an agreement to arbitrate exists at all, the Court must begin by making a threshold determination as to whether a contract has been formed before assessing any delegation clause." *Plazas Rocha v. Telemundo Network Grp. LLC*, No. 20-cv-23020, 2020 WL 6679190, at *2 (S.D. Fla. Nov. 12, 2020) (alteration added; citations omitted).

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, BDO USA, P.C.'s Motion to Compel Arbitration . . . **[ECF No. 7]** is **DENIED without prejudice**. The Court cannot compel arbitration when the making of the arbitration agreements has been put "in issue." This case will proceed to a trial as required by 9 U.S.C. section 4 to determine whether the parties entered into arbitration agreements.

The case is set for a scheduling conference on **October 27, 2026 at 8:30 a.m.** Counsel shall appear in person. Prior to the scheduling conference, the parties shall confer on a proposed schedule for the taking of targeted discovery and the trial on the arbitration question.

Plaintiffs' Motion to Strike . . . **[ECF No. 24]** is **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of October, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**